# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 16-0239V
## Filed: January 13, 2017
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARY SUE ALLEN, as Personal Representative of the Estate of RONALD M. ALLEN, | \* \* \* \* | |
| Petitioner, | \* | Joint Stipulation on Damages; |
| v. | \* | Influenza ("Flu") Vaccine; |
| | \* | Guillain-Barré Syndrome ("GBS"); |
| SECRETARY OF HEALTH | \* | Death; Special Processing Unit |
| AND HUMAN SERVICES, | \* | ("SPU") |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Leah V. Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Lara A. Englund, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On February 17, 2016, Mary Sue Allen, as Personal Representative of the Estate of Ronald M. Allen, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner claims that Mr. Allen's death on October 23, 2015, was the sequela of Guillain-Barré Syndrome ("GBS") caused by the influenza ("flu") vaccine he received on September 28, 2015. Pet. at 1; Stip., filed Jan. 13, 2017, at ¶¶ 1, 2, 4. Mr. Allen received the vaccination in the United States. Pet. at ¶3; Stip. at ¶3. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Allen's behalf as a result of his alleged injury and death. Pet. at ¶¶ 15-16; Stip. at ¶ 5. Respondent denies that the flu vaccine caused Mr. Allen to suffer GBS or any other injury and further

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

denies that Mr. Allen's death on October 23, 2015, was a sequela of a vaccine-related injury.  Stip. at ¶ 6.

Nevertheless, on January 13, 2017, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $418,000.00 in the form of a check payable to petitioner, Mary Sue Allen, as Legal Representative of the Estate of Ronald M. Allen, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

MARY SUE ALLEN, as Personal Representative )
of the Estate of RONALD M. ALLEN,          )
                                           )
                   Petitioner,             )
                                           )
        v.                                 )       No. 16-239V
                                           )       Chief Special Master Nora Beth Dorsey
SECRETARY OF                               )
HEALTH AND HUMAN SERVICES,                 )
                                           )
                   Respondent.             )
_____)

### STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner Mary Sue Allen ("petitioner"), as Personal Representative of the Estate of Ronald M. Allen ("Mr. Allen"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Mr. Allen's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mr. Allen received a flu vaccine on or about September 28, 2015.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Mr. Allen sustained a vaccine-related injury diagnosed as Guillain-Barre Syndrome ("GBS"). Mr. Allen died on October 23, 2015. Petitioner further alleges that Mr. Allen's death was the sequela of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Allen as a result of his alleged condition or his death.

6. Respondent denies that the flu vaccine is the cause of Mr. Allen's alleged GBS, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$418,000.00** in the form of a check payable to petitioner as legal representative of the Estate of Ronald M. Allen.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Ronald M. Allen under the laws of the State of Montana.  No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of the Estate of Ronald M. Allen.  If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Ronald M. Allen at the time  a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party  or parties appointed by a court of competent jurisdiction to serve as legal representative of the   Estate of Ronald M. Allen upon submission of written documentation of such appointment to the  Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Allen resulting from, or alleged to have resulted from, the flu vaccination administered on September 28, 2015,

3

as alleged by petitioner in a petition for vaccine compensation filed on or about February 27, 2016, in the United States Court of Federal Claims as petition No. 16-239V.

14.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Allen's alleged GBS, any other injury, or his death.

17.  All rights and obligations of petitioner in her capacity as Personal Representative of the Estate of Ronald M. Allen shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

//
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:



MARY SUE ALLEN

ATTORNEY OF RECORD FOR
PETITIONER:

LEAH V. DURANT
LAW OFFICES OF LEAH V. DURANT, PLLC
1717 K Street, NW
Suite 900
Washington, DC 20006
(202) 775-9200

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 1/13/16

ATTORNEY OF RECORD FOR
RESPONDENT:

LARA A. ENGLUND
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-3013

5